UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE LUIS TELLEZ FERNANDEZ,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1702

Honorable Jane M. Beckering

## **ORDER**

      This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on December 19, 2025, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

      On December 30, 2025, Petitioner filed a motion to enforce judgment, arguing that the bond hearing that was held in response to the Court's Opinion and Judgment was "constitutionally deficient because the Immigration Judge failed to articulate and apply the correct standard of proof for establishing flight risk and the Immigration Judge failed to apply the factors set forth in Matter

of Guerra, 24 I&N Dec. 37, 38 (BIA 2006)." (Mot. Enforce J., ECF No. 8, PageID.68.) On December 31, 2025, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner's bond was denied because Petitioner "is a flight risk." (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.)

In Petitioner's motion to enforce judgment, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's December 19, 2025, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's December 19, 2025, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the nature of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's December 19, 2025, Opinion and Judgment. Therefore, the Court will deny Petitioner's motion to enforce judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's December 19, 2025, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgment (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

Dated:    January 27, 2026                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge